IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARGILL, INCORPORATED**<br><br>             **Plaintiff,**<br>vs.<br><br>**M/T MALBEC,  her engines,<br>tackle, etc.,** *in rem*, **and EVERLAST<br>MARITIME, INC., D' AMICO TANKERS,<br>LTD. and ROXANA SHIPPING S.A.,** *in<br>personam*<br><br>             **Defendants** | **CIVIL ACTION NO.** |

<u>**VERIFIED COMPLAINT IN ADMIRALTY**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES,** Plaintiff, Cargill Incorporated (hereinafter referred to as "Cargill"), through undersigned counsel, and for its Verified Complaint against M/T MALBEC, her engines, tackle, etc., *in rem*, and Everlast Maritime, Inc., D' Amico Tankers, Ltd. and Roxana Shipping S.A.,*in personam*, avers as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Jurisdiction exists pursuant to 28 U.S.C § 1333.

2.

At all material times, Plaintiff Cargill was and still is a Delaware corporation and was the owner of and/or successor in title to a cargo of RBD palm oil which was imported by Plaintiff

Cargill and shipped aboard the M/V MALBEC under a bill of lading issued on May 14, 2013 for carriage from Kuantan, Malaysia to Savannah, Georgia and signed by or on behalf of the Master, a duly authorized agent of the M/T MALBEC.

3.

At all material times, the M/T MALBEC, IMO No. 9364928, was and is a vessel engaged in the common carriage of merchandise by water for hire between various foreign ports and the port of Savannah, Georgia and is now, or will be during the pendency of process hereunder within the district and within the jurisdiction of this Court.

4.

At all material times, defendant Everlast Maritime, Inc. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the owner and/or operator of the M/V MALBEC, and was engaged in the common carriage of merchandise by water for hire.

5.

At all material times, defendant D' Amico Tankers, Ltd. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the charterer and/or operator of the M/V MALBEC.

6.

At all material times, defendant Roxana Shipping S.A. was and still is a corporation or other legal entity organized and existing pursuant to the laws of a state other than Louisiana or of a foreign country, and was the manager of the M/V MALBEC.

7.

On May 14, 2013, there was delivered to the M/T MALBEC and the Defendants, a cargo (2,200.743 MT) of RBD palm oil, all in good order and condition, for carriage aboard the M/T MALBEC in consideration of an agreed freight and in accordance with the terms of a contract of carriage evidenced by a bill of lading, for carriage from Kuantan, Malaysia to Savannah, Georgia, which was signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of the M/T MALBEC.

8.

Thereafter, the said cargo was loaded aboard the M/T MALBEC and the said vessel, having the cargo aboard, sailed from the port of Kuantan, Malaysia, and subsequently arrived at the port of Savannah, Georgia where it was discovered that the cargo was contaminated by a foreign substance from another of the vessel's tanks and would not be delivered in the same good order and condition as when shipped.  The cargo was contaminated as a result of negligence, fault, lack of due diligence in failing to care for the cargo or to provide a seaworthy vessel, breach of contract of carriage by the defendants, and/or unseaworthiness of the M/T MALBEC at the commencement of the voyage.

9.

The bill of lading and/or obligations of the parties are governed by the general maritime law of the United States and/or Carriage of Goods by Sea Act, 46 U.S.C. § 30701, *et.seq.*, and/or other relevant convention statute.

10.

Prior to and at the time of the arrival of the M/T MALBEC at Savannah, Georgia and the delivery of said consignment, Cargill became the owner of said consignment and brings this action on its behalf and for the interest of all parties who may be or may become interested in said shipment as their respective interests may ultimately appear.

11.

By reason of the premises, Cargill has sustained losses in the amount of $1,854,831.00, to be fully proven at trial.

12.

By reason of the premises, Cargill has a maritime lien on the M/T MALBEC.

13.

All conditions to Cargill recovering under the bills of lading, contract of affreightment and/or general maritime law have occurred or have been performed by Cargill and/or its predecessors in title.

14.

All and singular, the matters alleged are true and correct.  All other provisions in Cargill's verified complaint remain as plead.

WHEREFORE Plaintiff Cargill prays:

(1)    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against said vessel, her engines, etc., that the vessel be arrested and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in

favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the M/T MALBEC, HER ENGINES, TACKLE, etc., *in rem*, may be condemned and sold to pay the same; and

(2)   That an Interlocutory Judgment be entered against the vessel in favor of the Plaintiff and that the M/T MALBEC be condemned and sold and that the proceeds of the sale be applied to payment due to Plaintiff for sums due it.

(3)    That final judgment against Defendants be entered in favor of the Plaintiff for the amount due Plaintiff, with pre-judgment interest, post-judgment interest and with costs; and

(4)   That Cargill may have such other and further relief as the court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted this 20TH day of June, 2014.

**FAY, NELSON & FAY, LLC**

       */S/ John F. Fay, Jr.*
JOHN F. FAY, JR. (La. Bar #1870), T.A.
jfay@faynelsonfay.com
CHRISTINA P. FAY (La. Bar #1869)
cpfay@faynelsonfay.com
1100 Poydras St., Suite 2900
New Orleans, Louisiana 70163
Tel: (504) 799-2252
Fax: (504) 383-8920
***Attorneys for CARGILL, INCORPORATED***

**PLEASE WITHHOLD ISSUANCE OF WARRANT OF *IN REM* ARREST
UNTIL FURTHER NOTICE**

**PLEASE ISSUE SUMMONSES AND COMPLAINT TO:**

Everlast Maritime, Inc.
c/o Roxana Shipping S.A.
2, Lagkadion Street
Marousi, 151 25 Athens
GREECE

Roxana Shipping S.A.
2, Lagkadion Street
Marousi, 151 25 Athens
GREECE

D' Amico Tankers, Ltd.
6 Battery Road #34-02
Singapore, 049909
SINGAPORE

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally appeared

**JOHN F. FAY, JR.**

who was deposed and said that he is a partner in the firm of Fay, Nelson & Fay, LLC, counsel for plaintiff herein, that he has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished and statements made to him by representatives of plaintiff, and that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, no officer of which is presently within this district.

                                             */s/ John F. Fay, Jr.*
                                            **JOHN F. FAY, JR.**

**SWORN TO AND SUBSCRIBED before
me this 20th day of June, 2014**

  */s/ Christina P. Fay*
     **NOTARY PUBLIC**
Christina P. Fay (La. Bar #1869)
My Commission Expires at Death