UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARGILL, INCORPORATED**<br><br>            **Plaintiff,**<br>vs.<br><br>**M/T MALBEC, her engines, tackle, etc.,** *in rem*, **and EVERLAST MARITIME, INC., D'AMICO TANKERS, LTD. and ROXANA SHIPPING S.A.,** *in personam*<br><br>            **Defendants** | **CIVIL ACTION NO.**<br>**14-01447 "K" (2)**<br><br>**JUDGE:**<br>**Hon. Stanwood R. Duval, Jr.**<br><br>**MAGISTRATE:**<br>**Hon. Joseph C. Wilkinson, Jr.** |

**EX PARTE MOTION AND ORDER FOR ADDITIONAL TIME
TO COMPLETE SERVICE OF SUMMONS AND COMPLAINT
AND FOR DEFENDANTS TO ANSWER THE COMPLAINT**

**NOW COMES** plaintiff, CARGILL, INCORPORATED (hereafter "Cargill"), through undersigned counsel, and moves this Honorable Court for the entry of an order granting an extension of time for defendants M/T MALBEC and EVERLAST MARITIME, INC. (hereafter "Everlast") to answer the Complaint, and for the completion of service of process on foreign defendants ROXANA SHIPPING S.A. (hereafter "Roxana") and D'AMICO TANKERS, LTD. (hereafter "D'Amico") in this action.

In support of its motion, Cargill shows that this action involves an admiralty and maritime claim for contamination damage to a cargo of Refined Deodorized and Bleached Palm Oil that was transported in bulk from Kuantan, Malaysia to New Orleans, Louisiana and Savannah, Georgia

aboard the M/T MALBEC. The amount of the claim is US$1,617,336.17. Defendant M/T MALBEC is the carrying vessel. Defendant Everlast is the M/T MALBEC's registered owner. Defendant Roxana is the M/T MALBEC's beneficial owner, commercial operator and technical manager, and defendant D'Amico was a time charterer of the M/T MALBEC at the times material to the loss. Following discovery of the loss liability insurer (Protection and Indemnity Club) for the vessel and her registered owner issued a Letter of Undertaking to secure the payment of any judgment that ultimately may be awarded to Cargill. A copy of the Letter of Undertaking is attached as Exhibit "A" to this motion.

Defendant Roxana is a foreign corporation that is organized and exists pursuant to the laws of Greece. The defendant's principal office is also located in Greece, in the City of Athens. Accordingly, Roxana must be served in a jurisdiction outside of the United States pursuant to the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*, as mandated by Rule 4 of the Federal Rules of Civil Procedure. Greece is a signatory to the *Hague Convention*.

Although Rule 4(m) of the Federal Rules of Civil Procedure requires that service of a civil complaint served on a defendant within the United States must be effected within 120 days of filing the complaint, that Rule expressly provides that the 120 day time period shall not apply to service on a defendant corporation in a foreign country pursuant to Rules 4(h)(2) and 4(f). Subdivision (f) of Rule 4 is applicable to service of process on a foreign corporation by virtue of Rule 4(h)(2).

Pursuant to Rule 4(h) and 4(f) of the Federal Rules of Civil Procedure, service on a foreign corporation must be made in accordance with the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents* if the country in which the defendant is located is a signatory to the Convention. The *Hague Convention* and the Central Authority of Greece require that the

2

plaintiff obtain a translation of the summons and complaint to the language of the country in which the defendant is to be served, and that translated copies of the service of process be delivered to the defendant via a Central Authority in the country where the service is to be effected.

In this case, the Protection and Indemnity Club for the M/T MALBEC and her registered owner, Everlast, agreed in the Club's Letter of Undertaking to enter and appearance and file an answer on behalf of those defendants upon demand by Cargill.  See Exhibit "A".  Undersigned counsel has forwarded a copy of the summons and complaint to the M/T MALBEC and Everlast with a request that they enter an appearance and file their answer to the complaint in accordance with their obligation in the letter of undertaking.  These defendants, the M/T MALBEC and Everlast are represented by Andrew DeKlerk, Esq. of the Frilot firm, 1100 Poydras St., Suite 3700, New Orleans, LA 70163.  Mr. DeKlerk advised undersigned counsel for Cargill that, by virtue of the issuance of the Letter of Undertaking he will be filing appearances on behalf of the M/T MALBEC and Everlast.  Mr. DeKlerk is also checking to see if his firm will also be representing any of the other defendants, Roxana and D'Amico.

As undersigned counsel is waiting for Mr. DeKlerk to determine if he will represent the other defendants, undersigned counsel, formally served the complaint on Roxana by obtaining translations of the summons and complaint into the Greek language and forwarding them, together with a *Request for Service Abroad of Judicial Documents,* the original summons and a true copy of the complaint to the Central Authority in Athens, Greece, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the *Hague Convention*.  A copy of Cargill's request to the Greek Central Authority for service pursuant to the *Hague Convention*, is attached hereto as Exhibit "B".  Cargill also served defendant D'Amico pursuant to Rule 4(h)(2) and 4(f)(2)(A), by delivering the summons

and complaint via courier to its registered office in Singapore. Singapore is not a signatory to the *Hague Convention* and Singapore law provides for service by mail in that country in an action in its courts of general jurisdiction. A copy of Cargill's service upon defendant D'Amico is attached as exhibit "C". As Cargill awaits the responses of Roxana to the *Hague Convention* service upon defendant Roxana, and its Rule 4 service on defendant D'Amico, it respectfully requests that the Court extend the time for completing service of process on the Greek and Singapore defendants, and extends the time for defendants M/T MALBEC and Everlast to enter their appearances. In further support of its motion, Cargill represents that this is the first request for additional time to effect service of process on the defendants in Greece and Singapore.

For the reasons set forth above, plaintiff Cargill respectfully moves this Honorable Court for the entry of an order granting it an additional sixty (60) days for the Central Authority in Greece to complete service on Roxana pursuant to the *Hague Convention* and for defendant D'Amico in Singapore to receive the dispatched service of process pursuant to Rule 4 of the Civil Rules of Civil Procedure.

Respectfully submitted,

**FAY, NELSON & FAY, LLC**

    */s/ John F. Fay, Jr.*
JOHN F. FAY, JR. (La. Bar No. 1870)
Energy Centre
1100 Poydras St., Suite 2900
New Orleans, Louisiana 70163
Tel: (504) 799-2252
Fax: (504) 383-8920
**Attorneys for Cargill, Incorporated**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all parties who may have entered an appearance.

*/s/ John F. Fay, Jr.*
John F. Fay, Jr.
